**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

ALYSON BENNETT,

                                        Plaintiff,

            - v -                                               Civ. No. 1:06-CV-1098
                                                                    (NAM/RFT)
LETTY MANNE; MARC SHAFLER; and RAPPORT,
MEYERS, WHITBECK, SHAW & RODENHAUSEN,
LLP, *d/b/a Paramount Abstract Corp.*,

                                        Defendants.

**APPEARANCES:**                                        **OF COUNSEL:**

ALYSON BENNETT
Plaintiff, *Pro se*
*Last Known Address*
25 Brown Road
South Kent, CT 06785

CONNOR, CURRAN LAW FIRM                  ANDREW B. HOWARD, ESQ.
Attorney for Defendant Manne
441 East Allen Street
Hudson, NY 12534

TOWNE, BARTKOWSKI LAW FIRM               ELENA DeFIO KEAN, ESQ.
Attorney for Defendant Shafler
450 New Karner Road
P.O. Box 15072
Albany, NY 12205

HISCOCK, BARCLAY LAW FIRM                COLLEEN D. GALLIGAN, ESQ.
Attorney for Rapport, Meyers, Whitbeck, Shaw    JOHN CASEY, ESQ.
& Rodenhausen, LLP
50 Beaver Street
Fifth Floor
Albany, NY 12207

**RANDOLPH F. TREECE**
**United States Magistrate Judge**

## REPORT-RECOMMENDATION and ORDER

Alyson Bennett, through her then-counsel McNamee, Lochner, Titus & Williams, P.C., Scott C. Paton, Esq., of counsel, initiated this diversity breach of contract lawsuit by filing her Complaint on September 12, 2006. Dkt. No. 1, Compl. That same date, General Order 25 was issued, setting the Initial Rule 16 Conference for January 17, 2007, before the undersigned. Dkt. No. 2. On January 9, 2007, upon Plaintiff's request, the Rule 16 Conference was adjourned without date to allow Plaintiff an opportunity to pursue an amendment of her pleading to add new parties. *See* Dkt. No. 11, Pl.'s Lt. Req., dated Jan. 4, 2007; Text Order, dated Jan. 9, 2007. Accordingly, upon the consent of the already joined Defendants, Plaintiff filed an Amended Complaint, to which all parties duly filed Answers. Dkt. Nos. 12-14, 16-18, 20, 22-23, & 26.

It was always this Court's intention to schedule another Rule 16 Conference once issues had been joined. However, prior to the Court establishing another date for the Conference, Plaintiff's Counsel submitted a Letter-Motion indicating that there had been an irretrievable breakdown in the attorney-client relationship, thus necessitating the withdrawal of McNamee Lochner's continued representation of the Plaintiff. Dkt. No. 27. Counsel further indicated in his Letter-Motion that Ms. Bennett consented to the withdrawal, "provided she is allowed at least 60 days to retain replacement counsel." *Id*. A copy of that written consent was attached to Counsel's letter. *Id*. at p. 3. We construed Counsel's request as a Motion to Withdraw and set a Hearing. Text Order, dated May 23, 2007.

On June 1, 2007, this Court held a Hearing regarding McNamee Locher Law Firm's Motion to Withdraw as Counsel for Plaintiff Bennett. Text Minute Entry, dated June 1, 2007. At that Hearing, Counsel represented that communications had taken place with Ms. Bennett regarding this

Hearing and Counsel was under the impression that Ms. Bennett would appear.  After Ms. Bennett failed to appear at the Hearing, and in light of her executed stipulation releasing the law firm from representing her, this Court granted the Motion to Withdraw. Dkt. No. 29.  We further provided Ms. Bennett with an opportunity to obtain new counsel and stayed all deadlines for sixty days with the proviso that should Ms. Bennett fail to secure new representation by August 1, 2007, she would have to proceed *pro se*. *Id*. at p. 2.  Notwithstanding the imposition of a stay of this matter, a Rule 16 Conference was scheduled for August 14, 2007, which we expected either new counsel or Ms. Bennett would appear. *Id*.  A copy of that Order was accordingly served on Ms. Bennett, and yet, Ms. Bennett did not contact this Court regarding her efforts to retain new counsel, nor did she appear at the scheduled Rule 16 Conference.[1]

In light of Ms. Bennett's failure to communicate with this Court, we questioned whether she was diligently prosecuting this matter.  Because at that point it appeared Ms. Bennett was appearing *pro se*, we felt it necessary to ensure that she be given every possible opportunity to abide by the Local Rules of Practice for this District, the Federal Rules of Civil Procedure, and this Court's Orders.  Thus, on August 14, 2007, this Court directed that Ms. Bennett submit a status report on or before September 14, 2007, detailing 1) her intentions to proceed with this litigation, and 2) her efforts to retain new counsel, and we also scheduled a Rule 16 Conference for September 20, 2007, for which Bennett was required to make a personal appearance.  Dkt. No. 30.  In that Order, we specifically stated that "in the event Plaintiff fails to file and serve her status report on or before September 14, 2007, and/or fails to appear at the Rule 16 Conference scheduled for September 20, 2007, this Court **will** recommend dismissal of this action due to Plaintiff's failure to diligently

---

[1] The case docket does not reflect that this Order was returned because it was undeliverable.

*-3-*

prosecute this matter[.]" *Id*. at p. 3.  A copy of that Order, which was served on Plaintiff at the same address the prior Order was served, was returned to the Court as undeliverable.  Dkt. No. 31.

On the date of the newly scheduled Rule 16 Conference, Defendants' Counsels appeared, yet, not surprisingly, Plaintiff failed to appear.

All litigants have an ongoing obligation to keep the Court informed of any change of address which may occur during the pendency of an action.  N.D.N.Y.L.R. 10.1(b)(2).  Notification of a change of address is essential to the orderly disposition of cases.  As has been previously noted in this District, "[i]t is neither feasible nor legally required that the clerks of the district courts undertake independently to maintain current addresses on all parties to pending actions." *Dansby v. Albany County Corr. Facility Staff*, 1996 WL 172699, at *1 (N.D.N.Y. Apr. 10, 1996).  Failure to notify the Court of a change in address is grounds for dismissal of the action.  N.D.N.Y.L.R. 41.2(b); *Fenza v. Conklin*, 177 F.R.D. 126, 127 (N.D.N.Y. 1998); *Dansby v. Albany County Corr. Facility Staff*, 1997 WL 172699, at *1.

This Court finds that Bennett's failure to provide this Court with a change of address, if such occurred, warrants a recommendation of dismissal.  Courts in the Northern District of New York have dismissed lawsuits brought by *pro se* plaintiffs for failure to provide a current address. *See Rivera v. Goord*, 1999 WL 33117155 (N.D.N.Y. Sept. 14, 1999); *Fenza v. Conklin*, 177 F.R.D. 126; *Morgan v. Dardiz*, 177 F.R.D. 125 (N.D.N.Y. 1998); *Williams v. Faulkner*, 1998 WL 278288 (N.D.N.Y. May 20, 1998); *Dansby v. Albany County Corr. Facility Staff*, 1996 WL 172699.

Furthermore, under the Federal Rules of Civil Procedure and Local Rules of this District, a suit may be dismissed for failure to prosecute and/or failure to comply with a court order.  FED. R. CIV. P. 41(b); N.D.N.Y.L.R. 41.2(a).  "A dismissal for lack of prosecution pursuant to Fed. R. Civ.

P. 41(b) is a matter committed to the sound discretion of the trial Court." *Lukensow v. Harley Cars of New York*, 124 F.R.D. 64, 66 (S.D.N.Y. 1989) (citing *Harding v. Federal Reserve Bank of New York*, 707 F.2d 46 (2d Cir. 1983)).  Although Rule 41(b) provides a mechanism for the Defendant to request dismissal, a district court may, *sua sponte*, dismiss an action for lack of prosecution. *Link v. Wabash R. Co.*, 370 U.S. 626 (1962); *Saylor v. Bastedo,* 623 F.2d 230 (2d Cir.1980); *see also Lukensow*, 124 F.R.D. at 66 n.3 (citing *Harding* for the proposition that although Rule 41(b) is a procedural mechanism for defendants to move for such relief, "[t]he purpose of Rule 41(b) was not to abrogate the power of courts, acting on their own initiative, to clear their calendars of cases that have remained dormant because of inaction or dilatoriness of parties seeking relief.").  A dismissal pursuant to Rule 41(b) is considered to be an adjudication on the merits. FED. R. CIV. P. 41(b) ("Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision . . . operates as an adjudication upon the merits.").

Recognizing the harshness of such a dismissal, the Second Circuit has established five factors a court must consider before exercising such an extreme measure:  (1) the duration of Plaintiff's failures; (2) whether Plaintiff has received notice that further delays would result in dismissal; (3) whether Defendants are likely to be prejudiced by further delay; (4) a balancing of the need to alleviate court calendar congestion and a party's right to due process; and (5) the efficacy of lesser sanctions. *Alvarex v. Simmons Market Research Bureau, Inc.*, 839 F.2d 930, 932 (2d Cir. 1988) (quoting *Harding v. Federal Reserve Bank of New York*, 707 F.2d at 50)); *Romandette v. Weetabix Co.*, 807 F.2d 309 (2d Cir. 1986); *see also Schwed v. Gen. Elec. Co.*, 193 F.R.D. 70, 72 (N.D.N.Y. 2000) (Mordue, J.).

In light of Plaintiff's continuous inaction in this matter for almost four months combined

-5-

with the fact that she thrice failed to appear at scheduled Court appearances (two of which we know she had proper notice), this Court finds that ample evidence of a failure to prosecute this action is presented. In light of her presumed *pro se* status, this Court has been very patient and lenient with her failure to communicate and attend Court Conferences. Our tolerance however has now waned and we cannot condone Plaintiff's behavior at the expense of Defendants who have diligently pursued a defense of this matter. To allow this matter to continue in its idle state does a disservice to these Defendants and unnecessarily clogs the Court's docket. As such, we recommend that Plaintiff's action be dismissed in its entirety, **with prejudice**, for failure to prosecute and to abide by three Court Orders directing appearances at Court Conferences. In the alternative, we recommend that Plaintiff's action be dismissed in its entirety, **without prejudice**, for failure to notify the Court of a current address.

**WHEREFORE**, it is hereby

**RECOMMENDED**, that Plaintiff's Complaint be DISMISSED, **with prejudice**, for failure to prosecute and obey three Court Orders directing appearances at Court Conferences, pursuant to FED. R. CIV. P. 41(b) and N.D.N.Y.L.R. 41.2(b); and it is further

**RECOMMENDED**, that, in the alternative, Plaintiff's Complaint be DISMISSED, **without prejudice**, for failure to notify the Court of an updated address, pursuant to N.D.N.Y.L.R. 10.1(b)(2) and 41.2(b); and it is further

**ORDERED**, that the Clerk of the Court serve copies of this Report-Recommendation and Order, by regular mail, upon the parties at the addresses listed in the caption.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have ten (10) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court.

*-6-*

**FAILURE TO OBJECT TO THIS REPORT WITHIN TEN (10) DAYS WILL PRECLUDE**

**APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b), 6(a), & 6(e).

IT IS SO ORDERED

Dated: September 21, 2007
     Albany, New York

_____
RANDOLPH F. TREECE
United States Magistrate Judge